**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
-------------------------------------------------------------------X

LISA MITCHELL,                                 :
                                               :   **Civil Action No:**
                                               :
            Plaintiff,                          :
                                               :
                                               :   **COMPLAINT & DEMAND**
         -against-                              :   **FOR JURY TRIAL**
                                               :
                                               :
GRAND HOTEL INC. d/b/a                           :
RODEWAY INN AND SUITES,                          :
CHOICE HOTELS INTERNATIONAL, INC., and           :
John Does 1-5                                    :
            Defendants.                          :
-------------------------------------------------------------------X

      Plaintiff Lisa Mitchell ("Plaintiff" or "Ms. Mitchell"), by and through her attorneys, Nesenoff & Miltenberg, LLP, as and for her Complaint against Defendants Grand Hotel Inc., d/b/a Rodeway Inn and Suites ("Rodeway" or the "Motel") and Choice Hotels International, Inc. ("Choice Hotels") (collectively referred to as "Defendants"), respectfully alleges as follows:

## THE NATURE OF THIS ACTION

1.    This action arises out of the willful and malicious actions and omissions of Defendants resulting in Plaintiff's subjection to human trafficking, sexual assault, battery, and severe mental and physical abuse.

2.    Plaintiff, a transgender female, has volunteered for the nonprofit organization, Black and Pink ("B&P"), in Madison, Wisconsin. As a volunteer, B&P placed Plaintiff in motels throughout Wisconsin to assist in providing Plaintiff with housing.

3.    Defendant Rodeway entered into an agreement with B&P to provide lodging for Plaintiff, in exchange for motel fees which were paid for by both B&P and Plaintiff.

4.     Defendant Rodeway is a franchise owned by a single family in Madison, Wisconsin, and operates under its parent company, Defendant Choice Hotels.

5.     On information and belief, Defendant Rodeway was a hotspot for human trafficking and sexual assault committed against impoverished guests, such as Plaintiff.

6.     The owners of Defendant Rodeway, and one male in particular (the "Owner"), on information and belief, knew that Plaintiff could not afford other housing, and took advantage of Plaintiff's vulnerable state by harassing Plaintiff, watching her on video surveillance footage, following her to her room, and forcibly touching Plaintiff despite her rejections to the Owner's advances.

7.     When Plaintiff rejected the sexual contact, the Owner threatened to kick Plaintiff out of the hotel, leaving her homeless.

8.     As a result of the Owner's multiple sexual assaults committed against Plaintiff, Plaintiff has suffered immense emotional and physical damage, and to this day suffers to maintain consistent housing.

9.     Plaintiff therefore brings this action under the Trafficking Victim's Protection Act ("TVPA"), which creates civil liability for individuals who commit trafficking-related offenses, including but not limited to: forcing someone into labor or sexual services; knowingly benefitting from such forced labor or services; recruiting or harboring a person for labor or services against their will; conspiring to commit trafficking offenses; and benefitting financially from trafficking in persons.

10.     Plaintiff further brings this action pursuant to Title II of the Civil Rights Act of 1964 and WI Stat 106.52 et. seq. for discrimination based upon Plaintiff's sex in the enjoyment

and use of Defendants' facilities. Plaintiff also brings this action under state-law claims for intentional infliction of emotional distress, assault, and battery.

11.     Plaintiff seeks compensatory and punitive damages from all Defendants, jointly and severally.

## THE PARTIES

12.     Plaintiff is a natural person and a resident of the state of Wisconsin.

13.     On information and belief, Defendant Rodeway is a Wisconsin corporation with its principal place of business located at 4845 Hayes Road, Madison, Wisconsin 53704.

14.     On information and belief, Defendant Choice Hotels is a Maryland corporation with its principal place of business located at 1 Choice Hotels Circle, Rockville, Maryland 20850.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 - 5, are unknown to Plaintiff who therefore sues said defendants by such fictitious names and will ask leave of Court to amend this complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes, and thereon alleges on such information and belief, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged which actions or inactions proximately caused Plaintiff's injuries as herein alleged.  Plaintiff is uncertain as to the manner or function of said defendants, and Plaintiff prays leave to amend this complaint to insert true names, capacities, functions, occupations, and businesses of said defendants when the same are ascertained.

## JURISDICTION AND VENUE

16.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the federal law claims arise under the constitution and statutes of the United States.

17.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

18.     This Court has personal jurisdiction over Defendant Rodeway on the grounds that it is conducting business within the State of Wisconsin.

19.     This Court has personal jurisdiction over Defendant Choice Hotels on the grounds that it is the parent company of Defendant Rodeway, and as such, is conducting business within the State of Wisconsin.

20.     Venue is proper in this Court because the actions and omissions leading to this action took place in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21.     Plaintiff is a resident of Madison, Wisconsin, and volunteers at the Black and Pink charity, which fights for human rights for the LGBTQIA+ community.

22.     Plaintiff is a transgender female.

23.     On information and belief, Black and Pink houses its volunteer members throughout Madison, Wisconsin, and has certain housing agreements with motels, including Defendant Rodeway, to house its volunteers.

24.     Black and Pink arranged for Plaintiff to stay in Defendant Rodeway from July 28, 2021, through September 8, 2021.

25.     Plaintiff checked into Defendant Rodeway on July 28, 2021, presenting her ID to the front desk attendant. On information and belief, the front desk attendant at the time was the Owner.

26.     Upon information and belief, the Owner was aware of Plaintiff's identity as a transgender female and immediately saw Plaintiff as a sex object.

27.     Indeed, statistics show that members of the transgender community are often times fetishized and objectified, and due to prejudice against the LGBTQIA+ community, are forced into sex work.

28.     Upon information and belief, the Owner viewed Plaintiff as a sex object and believed that Plaintiff was available for his own lewd desires based on her identity as a transgender female.

29.     On information and belief, on several occasions beginning from the time Plaintiff checked into the Motel, the Owner watched the video surveillance footage to see when Plaintiff arrived back in her room, and would call Plaintiff in her room upon her return.

30.     On multiple occasions from July to September 2021, the Owner showed up unannounced at Plaintiff's door, insisting that her room needed to be cleaned.

31.     Plaintiff at the time had her pet birds with her, and she declined having her room cleaned due to the presence of her pets.

32.     The Owner, however, would forcibly enter her room and pretend to "clean" the room himself, before sexually touching Plaintiff's body.

33.     Plaintiff initially resisted the Owner's sexual contact. However, the Owner threatened to have Plaintiff removed from the Motel if she did not comply with his advances.

34.     Plaintiff, facing homelessness and having no other place to live with her pets, felt that she had to acquiesce to the Owner's advances in order to remain in her room.

35.     Plaintiff therefore lived under the fear of being stalked, assaulted, and harassed for over one month because she had no other place to live.

36.     On information and belief, the Owner of Defendant Rodeway knew that Plaintiff was facing homelessness, and took advantage of her due to her housing situation.

37.     Moreover, on information and belief, the Owner sexually assaulted other individuals that were also vulnerable and facing homelessness.

38.     On or around August of 2021, Plaintiff saw a young lady crying outside the Motel.

39.     Upon information and belief and to Plaintiff's best estimate, the young lady was approximately 17 years old.

40.     Plaintiff went to comfort the young lady and asked her what was wrong. The young lady then confided in Plaintiff that she had been sexually assaulted by the Owner. She then told Plaintiff not to say anything because she was scared of being kicked out of the Motel.

41.     The next day, however, the young lady disappeared from the Motel and was never seen again.

42.     On information and belief, the Owner heard the young lady tell Plaintiff that he had sexually assaulted her, and had her removed from the Motel.

43.     On or around August 31, 2021, the Owner again forced himself into Plaintiff's room, again insisting that the room must be cleaned.

44.     Plaintiff, finally having had enough of the Owner's assaults, secretly set her phone up to video tape their interaction.

45.     When the Owner entered Plaintiff's room, he cornered Plaintiff, pulled his pants down, put on a condom, and proceeded to touch Plaintiff's chest.

46.     The Owner reached for Plaintiff's pants, and Plaintiff told the Owner that she did not want her genitals touched.

47.     The Owner proceeded to touch and grind on Plaintiff until he ejaculated in his condom, which was left in Plaintiff's room.

48.     The Owner then noticed that Plaintiff was recording the interaction, knocked Plaintiff's phone over, and left the room in anger.

49.     The Owner, angered that Plaintiff had recorded him, demanded that Plaintiff check out of Defendant Rodeway immediately.

50.     Plaintiff was forced to leave Defendant Rodeway that same night.

51.     Upon leaving Rodeway, Plaintiff called Defendant Choice Hotels to complain of the assault.

52.     Plaintiff requested a full refund for her stay in light of the multiple assaults that she had been subjected to while staying at Rodeway.

53.     On information and belief, multiple complaints regarding the Owner had been made to both Defendant Choice Hotels as well as B&P, and no action was ever taken against the Owner, thereby allowing him to continue to sexually assault vulnerable guests.

54.     Plaintiff then went to stay at Extended Stay America located in Madison, Wisconsin.

55.     On information and belief, the Extended Stay America is also owned by the same family that owns Defendant Rodeway and is also a subsidiary of Defendant Choice Hotels.

56.     On October 13, 2021, the manager of Extended Stay America called Plaintiff in her room and told her that because she had an issue at one of their hotels (which, on information and belief, was referring to her complaint against Defendant Rodeway), that Plaintiff had to leave the hotel immediately.

57.     As a result of the assaults she experienced at Defendant Rodeway, Plaintiff has been severely traumatized, and has begun seeing a psychiatrist.

58.     As a result of the assaults she experienced at Defendant Rodeway, Plaintiff suffers from PTSD and lives in fear in every motel she stays in.

59.     As a result of the assaults she experienced at Defendant Rodeway, Plaintiff has been subjected to homelessness and has been shuffled to multiple motels throughout Madison, Wisconsin.

**CAUSES OF ACTION**
**AS AND FOR A FIRST CAUSE OF ACTION**
**Trafficking in Violation of 18 U.S.C. § 1591**
**(Against All Defendants)**

60.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

61.     18 U.S.C. § 1591 prohibits individuals from "knowingly . . . recruit[ing], harbor[ing], transport[ing], provid[ing], obtain[ing] . . . or solicit[ing] by any means a person . . . knowing, . . . or with reckless disregard of the fact, that means of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a "commercial sex act."

62.     A commercial sex act is defined as "any sex act, on account of which anything of value is given to or received by any person."  18 U.S.C. § 1591(e)(3).

63.     "Sex act" is not defined in the statute.  Plaintiff respectfully submits that sexual groping/touching constitutes a "sex act" covered by the statute.

64.     Plaintiff brings this claim pursuant to 18 U.S.C. § 1595, which provides for civil remedies for violations of 18 U.S.C. § 1591.

65.     Defendants knowingly recruited, enticed, harbored, transported, and/or obtained Plaintiff for labor or services while knowing she would be forced to engage in commercial sexual acts.

66.     Defendants advertised and entered into an agreement with Black and Pink to house vulnerable volunteers, including Plaintiff, and then forced Plaintiff to engage in commercial sex acts in order to keep her housing.

67.     Defendants Rodeway and Choice Hotels formed an enterprise (the "Enterprise") by virtue of their relationships with each other, as Choice Hotels is the parent company, and therefore oversees the Rodeway franchise.

68.     The Enterprise served to protect the interest of Rodeway and its owners, including corporate and financial interests, at the expense of motel guests such as and including Plaintiff.

69.     Defendants Rodeway and Choice Hotels had the purpose of blocking and covering up investigations into the actions of Rodeway's owners and management in order to avoid public criticism and to continue generating large revenue from motel fees. By way of example, and not limitation, this purpose was demonstrated by:

    a.  the consistent sexual harassment exhibited by Rodeway's Owner to Plaintiff and other guests;

    b.  the immediate eviction of Plaintiff from her room by Rodeway's Owner as soon as he discovered Plaintiff had captured his misconduct on video;

    c.  Plaintiff's interaction with an underage woman who had also been assaulted by Rodeway's Owner, and that was gone from Rodeway the next day;

    d.  Plaintiff being kicked out of Extended Stay America after she complained to Choice Hotels regarding the Rodeway assault;

    e.  Choice Hotel's utter lack of action to remedy the assaults that Plaintiff had experienced; and

f.  Rodeway and Choice Hotel's refusal to refund Plaintiff's motel fees for her time spent at Rodeway in light of the assaults.

70.     Through the Enterprise, Rodeway and Choice Hotels enticed Plaintiff to stay at Rodeway at the promise of a safe and clean motel.

71.     The Enterprise knew, however, that guests would be forced to engage in commercial sex acts upon their stay at Rodeway.

72.     The Enterprise collectively received a financial benefit as a result of the sexual exploitation it subjected Plaintiff to in the form of motel fees paid directly to Rodeway, and in turn, franchise fees paid from Rodeway to Choice Hotels.

73.     Plaintiff was forced to participate in these events because if she refused, she would be forced to leave Rodeway, and would be homeless.

74.     Defendants Rodeway and Choice Hotels benefitted from participating in a venture which they should have known was in violation of the TVPA.

75.     Defendant Choice Hotels aided and abetted Rodeway's exploitation of Plaintiff in violation of § 1591 by refusing to adequately investigate and punish the owners and managers of Rodeway for the assaults that Plaintiff was subjected to.

76.     In light of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Trafficking in Violation of 18 U.S.C. § 1589**
**(Against All Defendants)**

77.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

78.     Plaintiff is authorized to bring this civil claim against all Defendants pursuant to the civil remedies provision of § 1595(a).

79.     In violation of §§ 1589 and 1595(a), Defendant Rodeway, through its owners/management and personnel, knowingly obtained forced sexual services from Plaintiff by means of: "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

80.     On information and belief, and in violation of §§ 1589 and 1595(a), Defendant Choice Hotels, through its management and personnel, knowingly benefitted from participation in Defendant Rodeway's venture, knowing or in reckless disregard of the fact that the venture was engaged in the obtaining of Plaintiff's sexual acts by means of "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." Defendant Choice Hotels also benefitted from participation in Defendant Rodeway's venture which they knew or should have known was engaged in an act in violation of the TVPA.

81.     On information and belief, Choice Hotels knew or recklessly disregarded the fact that Rodeway's Owner was obtaining Plaintiff's forced sexual services. On information and belief, other complaints of sexual assault have been brought to Defendants' attention, and have been downplayed and ignored by both Rodeway and Choice Hotels. Further, when Plaintiff did bring a complaint of sexual assault to Choice Hotels, Plaintiff's complaint was similarly ignored.

82.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered severe emotional distress, physical injuries, and economic losses.

83.     Thus, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Conspiracy to Commit Trafficking in Violation of 18 U.S.C. § 1594**
**(Against All Defendants)**

84.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

85.     Plaintiff is authorized to bring this civil claim against all Defendants pursuant to the civil remedies provision of § 1595(a).

86.     18 U.S.C. § 1594 criminalizes any conspiracy to violate, among other provisions, 18 U.S.C. §§ 1591 and/or 1589.

87.     As alleged herein, all Defendants conspired to violate 18 U.S.C. §§ 1591 and/or 1589 by agreeing or conspiring to obtain the forced sexual services of guests, including Plaintiff, in violation of 18 U.S.C. § 1589, and sex trafficking Plaintiff in violation of 18 U.S.C. § 1591.

88.     On information and belief, Defendants, throughout their management and personnel, came to an understanding and agreement to commit and/or cover up these violations through the course of their dealings with each other.

89.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered severe emotional distress, physical injuries, and economic losses.

90.     Thus, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological

damages, past and future economic losses, loss of career opportunities, together with punitive

damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against All Defendants and John Does 1-5)**

91.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set

forth herein.

92.     A plaintiff can establish a claim for intentional infliction of emotional distress by

showing: "(1) the defendant intended to cause emotional distress by his or her conduct; (2) the

conduct was extreme and outrageous; (3) the conduct was a cause-in-fact of the plaintiff's

emotional distress; and (4) that the plaintiff suffered an extreme disabling response to the

defendant's conduct." *Jackson v. United Migrant Opportunity Servs*., 326 Wis. 2d 265, 787

N.W.2d 60 (Ct. App. 2010).

93.     Defendants engaged in extreme and outrageous conduct by sexually exploiting

Plaintiff for Defendants' financial gain. Exploiting vulnerable, homeless guests and subjecting

them to harassment and assault goes beyond the bound of all possible decency recognized in a

civilized community.

94.     Defendants knew that there was a high probability that their conduct would cause

severe emotional distress, as demonstrated by Rodeway's owner's anger upon his discovery that

Plaintiff recorded the August 31, 2021 incident.

95.     Moreover, Defendants knew that Plaintiff's emotional distress would be furthered

by their inadequate response to Plaintiff's report of the assault.

96.     Plaintiff did in fact suffer severe emotional distress as a result, as she suffered from

PTSD, severe depressive episodes, and panic attacks as a result.

97. Thus, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Assault
### (Against Defendant Rodeway and John Does 1-5)

98. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

99. Defendant Rodeway, its owners, and managers intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful contact.

100. Defendant Rodeway's acts were done knowingly, willfully, and with malicious intent.

101. Thus, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Battery
### (Against Defendant Rodeway and John Does 1-5)

102. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

103. Defendant Rodeway, its owners, and managers intended to cause and did cause harmful sexual contact with Plaintiff by forcibly rubbing his genitals on Plaintiff's body.

104. Plaintiff did not consent to the sexual contact of Rodeway's owner.

105.     As a direct and proximate result of Defendant's sexual assault, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**Discrimination in Place of Public Accommodation in Violation of Title II of the Civil Rights Act of 1964 and WI Stat 106.52 et. seq.**
**(Against Defendant Rodeway and John Does 1-5)**

106.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

107.     At all times relevant, Plaintiff was a customer and/or client of Defendant Rodeway while she was housed at Defendant Rodeway's premises.

108.     Defendant Rodeway, at all times relevant, was and is a place of public accommodation.

109.     As described in detail above and herein, Defendant Rodeway, by and through its owners, officers, and authorized agents, targeted Plaintiff and subjected Plaintiff to a hostile environment, quid pro quo sexual harassment, battery and sexual assault.

110.     As described in detail above and herein, Defendant Rodeway, by and through its owners, officers, and authorized agents, denied Plaintiff the full and equal enjoyment of Defendant Rodeway's facility, a place of public accommodation, on the basis of Plaintiff's sex.

111.     Defendant Rodeway's acts were done knowingly, willfully, and with malicious intent.

112.     Thus, Plaintiff is entitled to damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological

damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** for the foregoing reasons, Plaintiff demands judgment against Defendants as follows:

(i) on the first cause of action against Defendants for Trafficking in Violation of 18 U.S.C. § 1591, a judgment awarding Plaintiff damages are in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(ii) on the second cause of action against Defendants for Trafficking in Violation of 18 U.S.C. § 1589, a judgment awarding Plaintiff damages are in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(iii) on the third cause of action against Defendants for Conspiracy to Commit Trafficking in Violation of 18 U.S.C. § 1594, a judgment awarding Plaintiff damages are in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of career opportunities, together with punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(iv) on the fourth cause of action for intentional infliction of emotional distress against Defendants, a judgment awarding Plaintiff damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(v) on the fifth cause of action for battery against Defendant Rodeway, a judgment awarding Plaintiff damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(vi) on the sixth cause of action for assault against Defendant Rodeway, a judgment awarding Plaintiff damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(vii)   on the sixth cause of action for discrimination against Defendant Rodeway, a judgment awarding Plaintiff damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(viii)  on the seventh cause of action for discrimination against Defendant Rodeway, a judgment awarding Plaintiff damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements; and

(ix)    such other and further relief as the Court deems just, equitable and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues presented herein that are capable of being tried by a jury.

**Dated:** **New York, New York**
**August 31, 2023**

**Respectfully submitted,**

**Nesenoff & Miltenberg LLP**
***Attorneys for Plaintiff***

By: */s/ Kristen Mohr*
Andrew T. Miltenberg, Esq. (PHV pending)
Gabrielle Vinci, Esq. (PHV pending)
Kristen Mohr, Esq. (Bar No.: 1116865)
363 Seventh Avenue, 5th Floor
New York, New York 10001
212-736-4500 (telephone)
212-736-2260 (fax)
amiltenberg@nmllplaw.com
gvinci@nmllplaw.com
kmohr@nmllplaw.com